**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN**

Michael Salami, #879045

        Plaintiff,

v.

Rewerts, et al.

        Defendants.

Case No: 1:20-cv-00021
District Judge: Robert J. Jonker
Magistrate Judge: Ray Kent

| | |
|---|---|
| MICHAEL SALAMI, #879045<br>Carson City Correctional Facility<br>10274 Boyer St.<br>Carson City, MI 48811<br>*Pro Se Plaintiff* | CHAPMAN LAW GROUP<br>Wedad Suleiman (P81970)<br>Attorney for Defendants Corizon Health, Inc.<br>and Patricia Schmidt, D.O.<br>1441 West Long Lake Rd., Suite 310<br>Troy, MI 48098<br>(248) 644-6326<br>wsuleiman@chapmanlawgroup.com |

### DEFENDANTS CORIZON HEALTH, INC. AND PATRICIA SCHMIDT, D.O.'S MOTION FOR SUMMARY JUDGMENT BASED SOLELY ON THE FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

NOW COMES Defendants CORIZON HEALTH, INC. and PATRICIA SCHMIDT, D.O., by and through their attorneys, CHAPMAN LAW GROUP, and for their Motion for Summary Judgment based solely on the failure of Plaintiff to exhaust her administrative remedies pursuant to Fed. R. Civ. P. 56(a), states as follows:

1. On January 10, 2020, Plaintiff Michael Salami filed her Complaint while incarcerated at Carson City Correctional Facility. (**PageID.1-17**).

2. Plaintiff claims deliberate indifference to her serious medical needs under 42 U.S.C. § 1983 (***Id.***).

3. Specifically, Plaintiff claims Defendants were deliberately indifferent to Plaintiff's serious medical needs regarding her gender identity disorder. (**PageID.5**).

4.	Defendants bring this Motion for Summary Judgment based solely on the failure of Plaintiff to exhaust her administrative remedies as to her claims against Defendants.

5.	In an effort to seek concurrence, Defendants' counsel contacted Plaintiff via Correspondence on July 1, 2020. Upon information and belief, Plaintiff opposes this motion. (**Exhibit A**).

WHEREFORE, Defendants CORIZON HEALTH, INC. and PATRICIA SCHMIDT, D.O. respectfully request that this Honorable Court grant their Motion for Summary Judgment, dismiss Plaintiff's Complaint against them in its entirety, and grant such other relief as this court deems just and equitable.

                                        Respectfully submitted,
                                        CHAPMAN LAW GROUP

Dated:  July 6, 2020			/s/Wedad Suleiman
					Wedad Suleiman (P81970)
					Attorney for Corizon Health, Inc. and
					Patricia Schmidt, D.O.
					1441 West Long Lake Rd., Suite 310
					Troy, MI 48098
					(248) 644-6326
					wsuleiman@chapmanlawgroup.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN**

Michael Salami, #879045

    Plaintiff,

v.

Rewerts, et al.

    Defendants.

Case No: 1:20-cv-00021
District Judge: Robert J. Jonker
Magistrate Judge: Ray Kent

| | |
|---|---|
| MICHAEL SALAMI, #879045<br>Carson City Correctional Facility<br>10274 Boyer St.<br>Carson City, MI 48811<br>*Pro Se Plaintiff* | CHAPMAN LAW GROUP<br>Wedad Suleiman (P81970)<br>Attorney for Defendants Corizon Health, Inc.<br>and Patricia Schmidt, D.O.<br>1441 West Long Lake Rd., Suite 310<br>Troy, MI 48098<br>(248) 644-6326<br>wsuleiman@chapmanlawgroup.com |

**BRIEF IN SUPPORT OF DEFENDANTS CORIZON HEALTH, INC. AND PATRICIA SCHMIDT, D.O.'S MOTION FOR SUMMARY JUDGMENT BASED SOLELY ON THE FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

**PROOF OF SERVICE**

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES ................................................................................................... iii
INDEX OF EXHIBITS .......................................................................................................... iv
STATEMENT OF ISSUES PRESENTED ............................................................................... v
CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT .............................. vi
I.   FACTUAL AND PROCEDURAL BACKGROUND .......................................................... 1
II.  LEGAL STANDARD ....................................................................................................... 1
III. LEGAL ARGUMENT ...................................................................................................... 2
   A.  The PLRA Requires Plaintiff To Exhaust All Administrative Remedies Prior To Bringing To Bringing A Claim Under 42 U.S.C. § 1983. ........................................................... 2
   B.  Plaintiff Failed To Exhaust Her Administrative Remedies With Respect To Her Claims Against Defendants Corizon Health, Inc. and Patricia Schmidt, D.O. ........................... 3
      1.  Grievance DRF-19-12-2743-12E ................................................................................. 3
IV. CONCLUSION ................................................................................................................ 4

# INDEX OF AUTHORITIES

**Cases**

*Booth v. Churner*, 532 U.S. 731 (2001) ................................................................................................ 2

*Cook v. Caruso*, 531 Fed. Appx. 554, 563 (6th Cir. 2013)……………………………………..4

*Jones v. Bock*, 549 U.S. 199, 204 (2007) ..................................................................................... 3, 4

*LaFountain v. Martin*, 334 F. App'x 738, 740 (6th Cir. 2009)………………………………...4

*Porter v. Nussle*, 534 U.S. 516 (2002) .......................................................................................... 2

*Scott v. Harris*, 550 U.S. 372, 380 (2007) ................................................................................... 1

*Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) .............................................................................. 2

**Statutes**

42 U.S.C. § 1983……………………………………………………………………………..1, 2

42 U.S.C. § 1997e(a)……………………………………………………………………….2, 4

iv

## **INDEX OF EXHIBITS**

**EXHIBIT A**   Correspondence with Plaintiff dated July 1, 2020

**EXHIBIT B**   Plaintiff's Certified Grievance Records

**EXHIBIT C**   Michigan Department of Corrections Policy Directive 03.02.130

**EXHIBIT D**   *Cook v. Caruso*, 531 Fed. Appx. 554, 563 (6th Cir. 2013)

## **STATEMENT OF ISSUES PRESENTED**

WHETHER DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT BASED UPON PLAINTIFF'S FAILURE TO PROPERLY EXHAUST ALL OF HER AVAILABLE ADMINISTRATIVE REMEDIES

Defendants Answer:  YES
Plaintiff Answers:  NO

## **CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT**

Parties may move for summary judgment under Fed. R. Civ. P. 56(a) with or without supporting affidavits.

Before an inmate may bring a claim concerning prison conditions under 42 U.S.C. § 1983, he is required to exhaust available administrative remedies in accordance with the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a). *Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement "allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being hauled into court." *Jones v. Bock*, 549 U.S. 199, 204 (2007). Proper exhaustion demands completion of the prison's administrative review process, including all levels thereof, in accordance with the deadlines and other critical procedural rules. *Id*. at 218; *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). Bringing unexhausted claims in Federal Court is not permitted. *Id*.at 84-85.

# I.   FACTUAL AND PROCEDURAL BACKGROUND

On January 10, 2020, Plaintiff Michael Salami filed her Complaint while incarcerated at Carson City Correctional Facility. (**PageID.1-17**). Plaintiff claims deliberate indifference to her serious medical needs under 42 U.S.C. § 1983 (*Id.*). Specifically, Plaintiff claims Defendants were deliberately indifferent to Plaintiff's serious medical needs regarding her gender identity disorder. (**PageID.5**).

Before filing her Complaint, Plaintiff filed the following medical grievances through each step of MDOC's three-step grievance procedure:

| Grievance Identifier | Corizon Defendants Named in Grievance | Issue Grieved | Resolution | Exhibit B Page No. |
|---|---|---|---|---|
| DRF-19-12-2743-12E | Dr. Schmidt | Alleges Dr. Schmidt failed to provide an accommodation for her GID. | Rejected at Steps I, II, and III | 21-24 |

Plaintiff failed to successfully grieve the allegations raised in her Complaint with respect to Defendants. (**PageID.1-17**).

# II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), a court may grant summary judgment only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. A party opposing a motion for summary judgment must do more than simply show that there is some metaphysical doubt as to the material facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

### III.     LEGAL ARGUMENT

**A. The PLRA Requires Plaintiff To Exhaust All Administrative Remedies Prior To Bringing To Bringing A Claim Under 42 U.S.C. § 1983.**

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action regarding conditions of confinement under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. The United States Supreme Court acknowledged this requirement in *Booth v. Churner*, and went on to hold in that case that prisoners must exhaust the administrative remedies available to them even if those remedies include a grievance procedure that does not offer relief in the form specifically sought by the prisoner. 532 U.S. 731, 734 (2001). For example, in *Booth*, the Court determined that an inmate who seeks monetary damages must exhaust a grievance process prior to suing in federal court, even when the grievance procedure does not provide for monetary relief. *Id.* As the Court made clear, exhaustion of administrative remedies is a mandatory precursor to a prisoner's filing a lawsuit in federal court. *Id. See also, Porter v. Nussle*, 534 U.S. 516, 524 (2002).

In *Woodford v. Ngo*, the United States Supreme Court held that in order to comply with the exhaustion requirement of 42 U.S.C. § 1997e(a), an inmate must "properly exhaust," which means that the inmate must comply with the specific requirements of the policies and procedures of the individual prison's grievance policy. 126 S. Ct. 2378, 2386; 165 L. Ed. 2d 368 (2006). The Court has further explained that inmates seeking to sue must comply with the individual grievance procedures, and that the nature of the grievances will necessarily vary based upon the individual system's policies: "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the Prison Litigation Reform Act ("PLRA"), that define the boundaries of proper

exhaustion."[1] *Jones v. Bock*, 127 S. Ct. 910, 923; 166 L. Ed. 2d 798 (2007). Under *Jones v. Bock*, 127 S. Ct. 910; 166 L. Ed. 2d 798 (2007), the burden now rests on the Defendant to show whether the Plaintiff exhausted his administrative remedies.

### B. Plaintiff Failed To Exhaust Her Administrative Remedies With Respect To Her Claims Against Defendants Corizon Health, Inc. and Patricia Schmidt, D.O.

Plaintiff's claims against Defendants Corizon Health, Inc. and Patricia Schmidt, D.O. and allege that Defendants were deliberately indifferent to her gender identity disorder. Plaintiff did not file any grievances against Corizon relating to this issue. Plaintiff only filed one grievance against Dr. Schmidt.

#### 1. Grievance DRF-19-12-2743-12E

The Step I grievance was received on December 5, 2019, which alleges Dr. Schmidt refused to place her in a Gender ID cell only. This grievance was rejected at Step I because it was untimely in violation of ¶G of MDOC's grievance procedure. The rejection was upheld at Step II. On March 4, 2020, this grievance was <u>rejected</u> at Step III in accordance with PD 03.02.130. (**Exhibit B**, **p. 21**). This grievance was properly rejected since Plaintiff failed to resolve the issue with Dr. Schmidt prior to the filing of her grievance. Additionally, PD 03.02.130 clearly states that following an attempt to resolve the issue with the staff member, the Step I grievance must be filed within five business days after the grievant attempted to resolve. Plaintiff indicates she tried to resolve the issue on 11-18-19, yet the date the grievance was received was 12-5-19, well after five business days have elapsed. Even if this grievance was improperly rejected, this is not an allegation

---

[1] MDOC has since revised its policy. The policy that was in effect during the time relevant to Plaintiff's claims is different from the one that was at issue in *Jones v. Bock*, 127 S. Ct. 910, 916; 166 L. Ed. 2d 798 (2007). The relevant version of the policy is attached as **Exhibit C** to this Brief.

3

in Plaintiff's Complaint which would still necessitate dismissal as only exhausted claims are able to move forward in a lawsuit.

As Plaintiff did not file any grievances naming Corizon Health, Inc., Plaintiff failed to properly exhaust his administrative remedies with respect to his claims against Corizon prior to filing this lawsuit; and for this reason, Corizon is entitled to summary judgment.

Plaintiff has not properly exhausted his administrative remedies against Defendants, because the MDOC rejected her grievance instead of providing a merits-based response at all steps. *Cook v. Caruso*, 531 Fed. Appx. 554, 563 (6th Cir. 2013) **(Exhibit D)**. 42 U.S.C. § 1997e(a) mandates that prisoners may not bring suit in federal court regarding conditions of confinement unless and until "administrative remedies as are available are exhausted." "Compliance with prison grievance procedures ... is all that is required by the PLRA to 'properly exhaust.'" Jones, 549 U.S. at 218. "[P]roper exhaustion of administrative remedies is necessary." Ngo, 548 U.S. at 84. Properly exhausting available administrative remedies serves the necessary interest of providing "fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory' claim made against a defendant in a prisoner's complaint." *LaFountain v. Martin*, 334 F. App'x 738, 740 (6th Cir. 2009).

There can be no serious dispute that Plaintiff failed to properly exhaust his administrative remedies with respect to her claims against Corizon Health, Inc. and Dr. Schmidt prior to filing this lawsuit; and for this reason, Defendants are entitled to summary judgment of all claims. *Ngo* at 86; *Jones v. Bock* at 923.

## IV.    CONCLUSION

WHEREFORE, Defendants CORIZON HEALTH, INC. and PATRICIA SCHMIDT, D.O. respectfully request that this Honorable Court grant their Motion for Summary Judgment, dismiss

Plaintiff's Complaint against them in its entirety, and grant such other relief as this court deems just and equitable.

                                      Respectfully submitted,
                                      CHAPMAN LAW GROUP

Dated:  July 6, 2020                    /s/Wedad Suleiman
                                      Wedad Suleiman (P81970)
                                      Attorney for Corizon Health, Inc. and
                                      Patricia Schmidt, D.O.
                                      1441 West Long Lake Rd., Suite 310
                                      Troy, MI 48098
                                      (248) 644-6326
                                      wsuleiman@chapmanlawgroup.com

## PROOF OF SERVICE

I hereby certify that on July 6, 2020, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by US Postal Service the document to the involved non participants.

                                      /s/Wedad Suleiman
                                      Wedad Suleiman (P81970)
                                      1441 West Long Lake Rd., Suite 310
                                      Troy, MI 48098
                                      (248) 644-6326
                                      wsuleiman@chapmanlawgroup.com